JOSEPH J. COLLIER, plaintiff in error, *vs.* DOCTOR B. LEON-ARD, defendant in error.

Where the administrators of the principal, and the security, are sued, and judgment is rendered against the "defendants," and before an amendment is ordered making the judgment against the property of the intestate, his estate becomes insolvent, the surety is discharged.

Administrators and executors. Judgments. Principal and surety. Debtor and creditor. Before Judge CLARK. Sumter Superior Court. April Term, 1877.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

GUERRY & Son, for defendant.

WARNER, Chief Justice.

This case came before the court upon an affidavit of ille-gality to an execution made by one of the defendants there-in, who was a security. On the trial of the case, the plain-tiff demurred to the sufficiency of the several grounds of illegality set forth in the defendant's affidavit, which de-murrer the court sustained as to all the grounds except two, and upon the trial of these two grounds, the jury found a

verdict for the plaintiff in *fi. fa.* A motion was made for a new trial on the several grounds therein stated, which was overruled, and the defendant excepted.

It appears from the record that suit was commenced by the plaintiff on a note for $670.20 against S. C. Pryor and S. G. Pryor, administrators of B. F. Pettee, deceased, and J. J. Collier as security, and that on the 4th of May, 1867, judgment was entered up against the defendants generally for that amount, and interest thereon, without noticing the fact that two of the defendants were administrators. After-wards—to-wit: at the April term of the court, 1876—an order was taken to amend said judgment so far as the administrators were concerned, by inserting the words, " to be levied of the goods and chattels, lands and tenements, of the said Benjamin F. Pettee, deceased." On the 12th day of April, 1876, the clerk issued an execution upon said amended judgment against the defendants, reciting in the face thereof that it was issued in pursuance of said order, which execution was levied on the property of Collier, the security, who, on the 20th of October, 1876, made his affidavit of illegality thereto, and alleged as one ground of illegality, amongst others, " that he was security only on the original debt of the intestate, B. F. Pettee, deceased, and that at the time the said verdict and judgment were had against the said S. G. and S. C. Pryor, administrators of Pettee, the said estate was solvent, and had sufficient property to pay said debt, and since that time the same has been fully administered and is now insolvent, and by the failure and laches of plaintiff to take and enter judgment against the goods and chattels, lands and tenements, of B. F. Pettee, deceased, in the hands of the said Pryor and Pryor, administrators in the original judgment, his liability as security has been increased, and the lien of said judgment, if it had been properly taken in the first instance, is lost upon or as to all the property of said estate then possessed, or possessed since then up to the time of the amended judgment, and the benefit of it is lost to this deponent, and therefore, under the law, he is

discharged from all liability upon said debt and execution on account of the fault and laches of the said plaintiff." There was also a motion to set aside the amended judgment upon substantially the same grounds as those contained in the affidavit of illegality. By an order of the court, the motion to set aside the judgment was consolidated with the affidavit of illegality, and heard at the same time. There appears in the record an affidavit of illegality which purports to have been made by Collier on the 24th of September, 1874, before the judgment was amended, to an execution in favor of the plaintiff against the defendants, but what was done with it the record does not show. The main ground of error alleged in the motion for a new trial which was insisted on here, was the sustaining of the plaintiff's demurrer to that ground contained in the defendant's affidavit of illegality as hereinbefore set forth, in relation to the discharge of the defendant, Collier, as security. The 2154th section of the Code declares that " Any act of the creditor, either before or after judgment against the principal, which injures the surety, or increases his risk, or exposes him to greater liability, will discharge him." Assuming the allegations in the defendant's affidavit of illegality to be true, as the demurrer does, the fault and negligence of the plaintiff in not entering up his judgment in the first instance against the goods and chattels, lands and tenements, of B. F. Pettee, the intestate, in the hands of his administrators to be administered, thereby creating a lien on the same, which was sufficient to pay the debt, and to which his security would have been entitled to be subrogated in the event he had been compelled to pay the judgment, whereas, by the fault and negligence of the plaintiff so to enter up his judgment, as aforesaid, the estate of the intestate has been fully administered, and is now insolvent, so that if Collier, the surety, should now be compelled to pay off the judgment, as amended, there is no property of the intestate bound by the lien of that judgment out of which he could remunerate himself; therefore he has been injured by this act of the plaintiff in not entering up the

judgment in the first instance, as he should have done, and as the law required him to do, thereby increasing the risk of the surety, and exposing him to greater liability. In our judgment, the court erred in sustaining the demurrer to this ground, as set forth in the defendant's affidavit of illegality. Whether the plaintiff will be able to controvert the defendant's allegations in his affidavit of illegality upon the trial of an issue formed thereon, we do not know; our present judgment is confined to the allegations contained in the third ground of the defendant's affidavit of illegality, as hereinbefore recited. All the other grounds contained therein are controlled by the judgment of this court in *Pryor et al. vs. Leonard*, 57 *Ga. Rep.*, 136.

Let the judgment of the court below be reversed.