## Owensboro Savings Bank & Trust Co.'s Receiver v. Haynes.

(Decided May 9, 1911.)

### Appeal from Daviess Circuit-Court.

Promissory Note—Accommodation Endorser—Waiver of Diligence in Bringing Suit—A written waiver in a body of a note, of diligence in bringing suit, becomes a part of the contract, and is a waiver of diligence, it matters not how the right thereto may arise; therefore an accommodation endorser even if entitled to the benefit of Section 4668 Ky. St. giving to sureties and others the right to give written notice to the creditor requiring him to sue at the next term of the court thereafter (a question not decided) by becoming a party to the note containing such waiver, thereby waives the right conferred by the Statute.

R. A. MILLER and R. S. TODD for appellant.

LITTLE & SLACK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On November 21, 1904, the Deanefield Coal Company executed and delivered to Guy M. Deane its promissory note, by which it agreed and promised to pay to said Deane, on January 10, 1905, the sum of $1,255.98.

The note was indorsed on the day of its date by Guy M. Deane, W. S. Wilson and Gray Haynes. It was first discounted by the Carterville State & Savings Bank, of Carterville, Illinois. Thereafter, and before maturity, the note was discounted by the Owensboro Savings Bank & Trust Company, and the sum of $1,292.60 paid therefor. On payment of this sum the Carterville State & Savings Bank indorsed and delivered the note to the Owensboro Savings Bank & Trust Co. Subsequently the Owensboro Savings Bank & Trust Company became insolvent, and T. A. Pedley was appointed receiver. The latter, as receiver, brought this action against the Deanefield Coal Company, Guy M. Deane and W. S. Wilson, and appellee, Gray Haynes, to recover on the note. The law and facts were submitted to the court. The court made a separate finding as to each, and being of opinion that the receiver was not entitled to recover, entered judgment in favor of appellee. From that judgment this appeal is prosecuted.

Appellee defended on the ground that he had signed the note in question as indorser, solely for the accommodation of the Deanefield Coal Company, and was, therefore, only a surety; and that having given to the Owensboro Savings Bank & Trust Company a written notice, requiring it to institute suit on the note, and the bank having let two terms of court pass without bringing suit, he was released from liability by virtue of the provisions of section 4668, of the Kentucky Statutes, which is as follows:

"A surety, co-obligor, or co-contractor, or one of several defendants to a judgment, may, by notice in writing served in person within the State on the creditor or plaintiff, or if the plaintiff be a non-resident or absent from the place of his residence for the period of thirty days consecutively, upon his agent or his attorney, require him to sue or issue execution, and if the creditor shall not sue to the next term thereafter at which he can obtain judgment, and in good faith prosecute the suit with reasonable diligence, or if the plaintiff shall not, within ten days thereafter, sue out execution, and in good faith prosecute the collection thereof, such co-surety, co-obligor, co-contractor, or defendant, shall be discharged from all liability as such, except for the proper share of such co-obligor, co-contractor, or defendant, according to the then existing condition of the several obligors,

contractors, or defendants; and in any joint suit against the whole, or separate, suit against him, judgment shall be rendered against him separately, and only for such proper share. The written notice herein required shall not be waived, unless such waiver be in writing; and no waiver of such notice shall be pleaded as a defense, or given in' evidence, unless such waiver be in writing.''

It appears from the trial court's finding of facts, that the Deanefield Coal Company was principal in the note sued on, and received the entire proceeds thereof. Appellee Haynes was merely an accommodation-indorser and paid no part of the interest shown by the indorsements on the note to have been paid. On December 30, 1907, appellee delivered to James H. Parrish, president of the Owensboro Savings Bank & Trust Company, a notice to said bank and trust company requiring it to sue on the note in question. After the receipt of this notice the Owensboro Savings Bank & Trust Company permitted two terms of the Daviess Circuit Court, at which suit could have been brought, to go by without bringing suit on the note; and no suit was brought until this action was commenced on July 9th, 1908. In the body of the note sued on is the following agreement:

''The parties hereto, including the makers and indorsers of this note, hereby expressly waive presentment thereof for payment, notice of non-payment, protest and notice of protest, and diligence in bringing suit against any party hereto, either maker or indorser.''

The rule is that where the waiver is inserted in the body of the note, it becomes a part of the contract of the indorser as well as of the maker, and is binding upon the indorser. (Bryant v. Merchants' Bank of Kentucky, 8 Bush, 43.) The question, then, is: What effect must be given the waiver?

For appellee it is contended that the holder of a note is under no obligations to use diligence as to the maker in order to hold a surety or accommodation-indorser liable, and that, therefore, the provision has no reference to such parties. It is also insisted that it is not proper to construe a waiver of the diligence provided by law into a waiver of the statutory right to' require the institution of an action. The language of the waiver is unambiguous; by its terms it applies to an indorser and to each of the parties to the instrument. One of the things

waived is diligence in bringing suit against any party thereto, either the maker or the indorser. Appellee contends that the waiver, itself, made him liable at all events, and, therefore, a surety. He then invokes the statute in question on the ground that he is a surety. Diligence in bringing suit being the thing waived, it is immaterial whether there is an absence of diligence under the common law, or an absence of diligence after notice given pursuant to the statute. The language is broad enough to include a waiver of diligence, it matters not how the right to diligence may arise. Where a party has contracted away all right to demand diligence in bringing suit, he can not afterwards give notice under the statute and insist on that diligence which he has expressly waived. A contract can not be defeated in this way.

Being of opinion that, even if appellee is a surety, and, therefore, entitled to the benefit of the statute whose aid he invokes, he waived his rights under the statute, we deem it unnecessary to determine the question whether or not, as a matter of fact, he is a surety, and, therefore, included within the language of the statute.

Judgment reversed, with directions to enter judgment in favor of appellant.