## ARMOUR FERTILIZER WORKS v. BOND.

Under the provisions of § 3546 of the Code, a surety upon a note may, at any time after a debt on which he is liable becomes due, give notice in writing to the creditor or his agent to proceed to collect the same out of the principal; and if the creditor to whom such notice is given fails to commence an action for the space of three months after the notice, the surety will be discharged. But where for value received the surety consents that the creditor "may grant any extension on the note that he deems proper," the surety can not, by giving the notice contemplated in the statute, revoke his consent allowing the extension of time, and be discharged from liability on the note, merely because of a failure on the part of the creditor to commence an action against the principal debtor within the period of three months.

JANUARY 16, 1913.

Complaint. Before Judge Brand. Franklin superior court. August 4, 1911.

*A. S. Richardson* and *J. H. Skelton*, for plaintiff.

*Alexander Johnson,* for defendant.

BECK, J. The Armour Fertilizer Works, hereinafter referred to as the plaintiff, brought suit against Fred G. Bond as principal, and Willis F. Bond as surety, on a promissory note executed on June 18, 1909, and due on the first day of December, 1909. Willis F. Bond, in a writing apparently executed on the same date as the note, and which writing immediately follows the signature of the principal maker, made the following stipulations: "For value received the undersigned jointly and severally hereby guarantee the payment of the within note at maturity, and waive demand, protest, and notice of non-payment thereof, and consent that the holder may grant any extension on within note that he deems proper. Willis F. Bond."

Fred G. Bond made no defense to the suit. Willis F. Bond pleaded that he was surety on the note, and that on the 18th day of December, 1909, "he caused written notice in compliance with § 3546 of the Code of Georgia to be perfected on said plaintiff, commanding them to bring suit on the said note sued, against F. G. Bond as principal and this defendant as security." Willis F. Bond insisted that in consequence of his giving this notice, and of the failure of the plaintiff to bring suit within the period fixed in the statute referred to, he was discharged from all liability. The jury rendered a verdict in favor of the plaintiff against the principal debtor, but in favor of the alleged surety on the ground that he was released. The plaintiff made a motion for a new trial, which was overruled.

On the trial of the case the questions were made as to whether or not the service of the written notice to bring suit was properly proved, and as to whether or not, if service was proved, it was made upon the agent of the company authorized to receive the notice. But, under the view that we take of the real issue in the case, these questions are immaterial. Ordinarily, under the provisions of the code section referred to, the surety could have given the notice to bring suit under that statute, and a failure to commence action for the space of three months after the notice would result in the discharge of the surety giving the notice from all liability. But where the surety has, as in the present case, for value received consented "that the holder may grant any extension    .-    .

that he deems proper" on the note upon which the party claiming the benefit of the statute appears as a surety, he is bound by the written stipulation in which he consents to any extension of time, and he can not afterwards at will revoke the written consent which he has given, directly or by implication, as by giving the notice to sue immediately. At the time of extending credit to the principal debtor the plaintiff had the right to protect himself against such a defense as is set up in the present case; and we are of the opinion that the plaintiff, in securing for a valuable consideration the consent embodied in the writing above set out, has secured to himself complete protection against the plea of the surety based upon the ground above stated.

No other defense than that which we have dealt with above was interposed to the plaintiff's demand, and the verdict sustaining that defense was unauthorized.

*Judgment reversed. All the Justices concur.*