## People's State Bank, et al. v. Atwood.

### (Decided January 19, 1926.)

### Appeal from Allen Circuit Court.

1. Principal and Surety—Indorser, if Surety, May Waive Diligence in Bringing Suit by Provision to that Effect in Body of Note.—Indorser, if surety, may waive diligence in bringing suit by provision to that effect in body of note.

2. Principal and Surety—Surety May, in Note Provision, Waive Defenses Because of Extension of Time.—Surety may, by provision in note, waive all defenses because of extension of time of payment.

N. F. HARPER for appellants.

W. D. GILLIAM for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On July 9, 1921, H. H. Sides, G. Atwood and A. S. Atwood executed and delivered the following note:

"$400.00.        Scottsville, Ky., July 9, 1921.

"No. 1276. Ninety days after date we promise to pay J. R. Myers or order, four hundred dollars, value received, negotiable and payable at People's State Bank, Scottsville, Ky., without defalcation, to bear interest at the rate of 6 per cent per annum from maturity, until paid, presentation, notice and protest and all defenses on the ground of any extention of time of payment that may be given by the holder to them or either of them, are hereby waived by all who may become parties to this note as makers, endorsers or otherwise."

Myers, the payee, extended the time of payment to January 1, 1923, and, for value received, transferred the note after maturity to the People's State Bank. The note not being paid at the end of the extended time, the

bank brought this suit against the makers and Myers to recover on the note. Myers filed an answer and cross-petition admitting his liability and asking a recovery against the makers. The two Atwoods defended on the ground that they were sureties and that the time of payment was extended without their knowledge or consent and to their prejudice. On final hearing judgment was rendered against J. R. Myers and G. Atwood, but the petition was dismissed as to A. S. Atwood. The bank and Myers have prayed an appeal.

In view of the conclusion of the court we need not inquire whether the bank was a holder in due course, or whether the evidence was sufficient to show that appellee consented to the extension, or whether under the Negotiable Instrument Act a surety may be released by an extension of time granted to his principal. The body of the note contains the following: "All defenses on the ground of any extension of time of payment that may be given by the holder to them or either of them, are hereby waived by all who may become parties to this note as makers, endorsers or otherwise." We have ruled that an endorser, if a surety, may waive diligence in bringing suit by a provision to that effect in the body of the note, Owensboro Savings Bank & Trust Co.'s Receiver v. Haynes, 143 Ky. 534, 136 S. W. 1004, and, as surety may consent to an extension of time, or waive his discharge, no reason is perceived why such consent may not be evidenced by a provision in the note waiving the defense of extension of time. 8 C. J. 449. It follows that the court erred in not holding appellee liable on the note.

Wherefore, the appeal is granted and the judgment reversed, with directions to enter judgment in conformity with this opinion.