## 23601. FRICKS v. ROME MERCANTILE COMPANY.

DECIDED JULY 9, 1934. REHEARING DENIED SEPTEMBER 19, 1934.

*Porter & Mebane,* for plaintiff in error.

*Cumming & Rogers,* contra.

BROYLES, C. J.   The Rome Mercantile Company brought a joint suit against J. B. Isbell and Lula Fricks for the balance alleged to be due on a promissory note.   Lula Fricks filed a plea denying any indebtedness.   Isbell made no answer to the suit.   It appears from the copy of the note attached to the petition that the note was executed by Isbell, and that Lula Fricks signed her name on the back, presumably as an indorser or surety, and that presumption is not rebutted by anything in the record.   It also appears from the record that Isbell was duly served with a copy of the petition and process.   Upon the trial, as recited in the bill of exceptions, "the plaintiff offered in evidence the original mortgage note, a copy of which is attached to the original petition, and thereupon counsel for plaintiff moved the court to direct a verdict on the ground that the defendant, Lula Fricks, had no sufficient answer or defense filed to the plaintiff's suit, and, after argument, the court sustained the motion and directed a verdict in favor of the plaintiff and against the *defendant, Lula Fricks,* said verdict so directed being as follows, to wit: 'We the jury find in favor of plaintiff $152.85 principal, together with $33.53 interest to this date.   This July 13th, 1933.   H. G. Proctor, Foreman.'   Thereupon the court entered up judgment against *the said Lula Fricks* in words and figures as follows, to wit: 'Whereupon it is ordered and adjudged that the verdict of the jury be and the same is hereby made the judgment of this court, judgment being rendered for the plaintiff and against *the defendant* [for the amounts set forth in the verdict].   This 13th day of July, 1933.   James Maddox, J. S. C. R. C.'   To the order and judgment of the court in directing a verdict in favor of the plaintiff and against *the defendant Lula Fricks,* the defendant Lula Fricks then and there excepted and now ex-

cepts to the ruling of the court in directing said verdict as being contrary to law, in that . . said original petition discloses that said mortgage note was signed by one of the defendants, J. B. Isbell, and that J. B. Isbell was duly served with a copy of said petition and process, and plaintiff's exhibit discloses that the other defendant, Lula Fricks, signed her name on the back of said mortgage note. The verdict of the jury aforesaid shows that said verdict was taken *only against Lula Fricks, and not against J. B. Isbell,* and further said judgment aforesaid shows that a judgment in said case was taken only against Lula Fricks. Plaintiff in error shows that the said J. B. Isbell having been made a party defendant to said suit, as principal, and Lula Fricks having been made a party defendant, as endorser, on said mortgage note, that it was necessary to take said verdict and judgment against *both* parties, and a verdict and judgment *not having been taken against said principal* on said mortgage note, that a verdict and judgment could not be taken against said endorser thereon, and the plaintiff having *failed and refused to take a verdict and judgment against the principal,* same was in law a release and discharge of said principal, and also a release and discharge of said endorser, and for said reason said verdict and judgment so taken against the said Lula Fricks is null and void and contrary to law." (Italics ours). It will be seen that time and again it is positively stated as a fact in the bill of exceptions that the verdict and judgment were taken only against Lula Fricks, the endorser on the note sued upon, and the bill of exceptions is certified as true by the trial judge.

In this case the verdict and judgment, standing alone, import a verdict and judgment against both defendants (*Houston* v. *Ladies Union Branch Association,* 87 *Ga.* 203, 13 S. E. 634), but when considered in connection with the foregoing statement of fact in the bill of exceptions, the verdict and judgment should be construed to have been taken against Lula Fricks, the endorser, only. Of course, if there were an irreconcilable conflict between the bill of exceptions and the record the latter would control. But the conflict here is apparent only, and reconcilable when the verdict and judgment are construed in the light of the statement of facts in the bill of exceptions. Thus construed, the verdict and judgment were against Lula Fricks only, and therefore she was discharged from all liability. Civil Code (1910), §§ 3539, 3544; *Lewis* v. *Armstrong,*

47 *Ga.* 289; *Collier* v. *Leonard,* 59 *Ga.* 497; *Norris* v. *Pollard,* 75 *Ga.* 358; *Gartrell* v. *Johns,* 15 *Ga. App.* 671 (2) (84 S. E. 175); *Marietta Fertilizer Co.* v. *Gary,* 22 *Ga. App.* 604 (9) (96 S. E. 711). It follows that the court erred in entering up judgment against the defendant Lula Fricks.

The foregoing controls the case, and the other assignments of error are not considered.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*