18307.   J. R. WATKINS COMPANY *v.* FRICKS *et al.*

Argued September 14, 1953—Decided October 13, 1953.

*Shaw & Shaw,* for plaintiff in error.

*William Gordon Mann,* contra.

Candler, Justice.   This case came to us on certiorari to the Court of Appeals.   It arose in the Superior Court of Dade County on June 27, 1952, when The J. R. Watkins Company sued Flavious C. Beaty, Richard P. Fricks, and J. A. Bobo, principal and sureties respectively, for $1,206.26, alleged to be due as the balance on a contract which contained, among others, the following recital: "In consideration of the execution of the foregoing agreement by The J. R. Watkins Company, which we have read, . . . and its promise to sell, and the sale and delivery by it, to the purchaser, as vendee, of goods and other articles, . . . we, the undersigned sureties [Richard P. Fricks and J. A. Bobo], do hereby waive notice of the acceptance of this agreement, notice of default or nonpayment and waive action required, upon notice, by any statute, against the purchaser [Flavious C. Beaty]."   Beaty, though personally served, filed no defense to the suit.   Fricks and Bobo answered separately, and for defense averred that they, as sureties, had been discharged from liability on the contract in consequence of a notice to sue the principal which the defendant Fricks gave the plaintiff on July 6, 1951, pursuant to and in compliance with the provisions of Code § 103-205, and of the plaintiff's failure to commence an action against the principal within three months afterwards.   Their answers were stricken on demurrer, and they excepted pendente lite.   On the trial no verdict was taken against Beaty, the principal, but a

verdict was taken against Fricks and Bobo for the amount sued for, upon which a judgment was accordingly entered. No motion for new trial was made; but Fricks and Bobo, pursuant to Code § 6-804, sued out a direct bill of exceptions to the Court of Appeals, assigning error on their pendente lite exceptions only. The Court of Appeals held that the contract sued on contained a waiver of the right created by Code § 103-205, and that the notice which Fricks allegedly gave the plaintiff to sue the principal complied with the requirements of the statute. To those rulings there is no assignment of error. That court also held that the right of a surety to be discharged from liability, as that right was created and conferred by statute, is in the nature of a limitation of actions; it forms a part of the public policy of the State, and hence cannot be the subject of a specific anticipatory waiver in the instrument sued on. It further held that, where a principal and his sureties on a contract which is joint and several on its face are sued in the same action, and a verdict and a judgment are taken against the sureties only, both the principal and sureties are discharged. See *Fricks* v. *J. R. Watkins Company*, 88 *Ga. App.* 276 (76 S. E. 2d 518). The petition for certiorari assigns error on these two rulings only, and under Certiorari Rule 45 (Code § 24-4549) this court will consider only those questions which are raised by the petition for certiorari. *Hall* v. *State*, 202 *Ga.* 619 (44 S. E. 2d 234), and citations.

1. Code § 103-205, as above referred to, declares: "Any surety, guarantor, or indorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, his agent, or any person having possession or control of the obligation, to proceed to collect the same from the principal, or any one of the several principals liable therefor; and if the creditor or holder refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this State), the indorser, guarantor, or surety giving the notice, as well as all subsequent indorsers and all cosureties, shall be discharged. No notice shall be considered a compliance with the requirements of this section which does not state the county in which the principal resides." In 50 Am. Jur. 969, § 95, the author says: "The right of a surety to be released from his obligation when the creditor fails to comply

with the statutory notice or demand. to sue the principal is one which is given by law for the surety's benefit only. That being the case, he may waive it if he sees fit. No public policy would be served in enforcing the discharge in favor of a surety who renounces his right thereto. This possible release from liability may be waived by the surety in the suretyship agreement. Such a provision is as much a part of the contract as any other in it, and is sustained by the consideration which supports the contract in its entirety. It must be enforced according to its terms." And our Code, § 102-106, provides: "Laws made for the preservation of public order or good morals cannot be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." The right created by the legislature, as embodied in § 103-205 of the Code of 1933, was established solely for the benefit of one who has become surety for another, and such surety may therefore waive it without injuring others and without affecting the public interest; and a waiver of the right, as thus established, does not in any way interfere with the preservation of public order or of good morals. Hence, a ruling by the Court of Appeals to the contrary is an incorrect statement of the law. See *Armour Fertilizer Works* v. *Bond,* 139 *Ga.* 246 (77 S. E. 22) ; People's State Bank *v.* Atwood, 212 Ky. 462 (279 S. W. 670) ; Owensboro Savings Bank & T. Co. *v.* Haynes, 143 Ky. 534 (136 S. W. 1004) ; City Nat. Bank *v.* Pope, 1924, Tex. Civ. App. (260 S. W. 903) ; Commonwealth of Pennsylvania Ex Rel. Department of Justice *v.* National Surety Co., 310 Pa. 108 (164 Atl. 788, 89 A.L.R. 564). Even the constitutional right of trial by jury in a capital felony may be waived by the accused. *Sarah* v. *State,* 28 *Ga.* 576.

2. As to the other ruling upon which error is assigned in the petition for certiorari, the Court of Appeals, like the Supreme Court, has no jurisdiction to decide questions not made by a specific assignment of error in the bill of exceptions. Code § 6-1607. As shown, the Court of Appeals held that the sureties and the principal Beaty were completely discharged from all liability on the contract declared on, since no verdict and judgment were taken and rendered in the case against the principal. No such

point is made by the record or even hinted at in the bill of exceptions; and the Court of Appeals, as we have previously said, was without jurisdiction to decide a question not presented by the bill of exceptions. *Sanders Mfg. Co.* v. *Dollar Savings Bank*, 110 *Ga.* 559 (3) (35 S. E. 777); *Hood* v. *Mayor &c. of Griffin*, 113 *Ga.* 190 (38 S. E. 409); *Denny* v. *Broadway National Bank*, 118 *Ga.* 221 (3) (44 S. E. 982); *Pritchett* v. *Payne*, 194 *Ga.* 84 (20 S. E. 2d 765), and citations.

Applying the principles stated above to the record before us, we are brought to the inevitable conclusion that the Court of Appeals erred in the rulings complained of.

*Judgment reversed. All the Justices concur.*