### 18701. FRICKS et al. v. J. R. WATKINS COMPANY.

WYATT, Presiding Justice. This case is before this court because of an equally divided Court of Appeals, Felton, C. J., Gardner, P. J., and Carlisle, J., being of the opinion that the judgment of the trial court should be affirmed, and Townsend, Quillian, and Nichols, JJ., being of the opinion that the judgment of the trial court should be reversed. This case appeared before the Court of Appeals in *Fricks* v. *J. R. Watkins Co.*, 88 *Ga. App.* 276 (76 S. E. 2d 518), and before this Court in *J. R. Watkins Co.* v. *Fricks*, 210 *Ga.* 83 (78 S. E. 2d 2), where the facts are stated. After the remittitur from the above-cited Court of Appeals case had been returned to the Dade Superior Court, two of the defendants in the superior court filed a motion to set aside the verdict and judgment in the case on the ground that the principal in the contract sued upon was duly served with the petition, as appears from the record, but that the verdict and judgment were rendered against these two defendants only, both of whom were sureties on the obligation sued upon; and that failure to take the verdict and judgment against the

principal had the legal effect of discharging the sureties from liability. J. R. Watkins Company filed its answer to the motion to vacate and set aside, alleging that as a matter of fact the principal was not served with the petition and was a non-resident of the State of Georgia, and for that reason no judgment could be rendered against him, and prayed for a nunc pro tunc entry of service in accordance with the alleged facts, and also prayed that one of the initials of one of the movants be corrected to speak the truth. The trial judge over objections heard evidence on the questions raised by the answer to the motion, allowed the initial to be corrected, allowed the nunc pro tunc entry of service, and denied the motion to vacate and set aside. The exception here is to that judgment. *Held:*

The only argument presented to this court is to the effect that the trial judge committed error in hearing evidence on the motion and in allowing the amendment and nunc pro tunc entry of service. This argument overlooks the real question presented by the record in this case. The record clearly shows that the fact that the principal on the obligation sued upon was, according to the entry of service, served with the original petition, and that no verdict or judgment was rendered against him as appeared of record at all times since the verdict and judgment were rendered. See *Fricks* v. *J. R. Watkins Co.,* supra. The plaintiffs in error carried the case to the Court of Appeals and complained of other matters, but made no complaint about the question now raised in the motion under consideration. This question could have been and should have been then raised. See *Fricks* v. *Rome Mercantile Co.,* 49 *Ga. App.* 431 (175 S. E. 807). This court and the Court of Appeals have so many times held that a motion to vacate or set aside the verdict and judgment after the term of court at which they are rendered will be denied, if it appears that the movant has not been diligent or is negligent, until it seems unnecessary to cite authority. For a few of these cases see *Barksdale* v. *Greene,* 29 *Ga.* 418; *Sparks* v. *G. Ober & Sons Co.,* 138 *Ga.* 316 (75 S. E. 135); *Gray* v. *Georgia Loan & Trust Co.,* 166 *Ga.* 445 (143 S. E. 501); *Hoke* v. *Walraven,* 57 *Ga. App.* 106 (194 S. E. 610). It follows that the judgment denying the motion to set aside and vacate was, as a matter of law, the only judgment that could have been rendered, and whether or not the matters complained about were or were not error would not change this result.

*Judgment affirmed. All the Justices concur.*

Submitted September 14, 1954—Decided October 13, 1954.

*William Gordon Mann,* for plaintiffs in error.
*Shaw & Shaw,* contra.