**Claude E. COOMBS, Appellant,**

v.

**BENEFICIAL FINANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

April 1, 1977.

Ronald L. Coombs, Eubanks, Lorenz, Coombs & Rankin, P.S.C., Louisville, for appellant.

Kenneth L. Burhans, Louisville, for Beneficial Finance Co.

Before GANT, HOWERTON and WHITE, JJ.

GANT, Judge.

On October 21, 1974, the Appellant, Claude A. Coombs, signed a certain promissory note as surety and co-obligor for one June McInerney to the Appellee, Beneficial Finance Company. The first payment was due on December 4, 1974, and apparently the Appellant learned immediately thereafter that the principal on the note had no intention of making payments thereunder. On December 27, 1974, Appellant notified the Appellee, pursuant to *Ky.Rev.Stat.* 412.-110, that it should immediately proceed to collect from the principal.

This statute requires the creditor, after receipt of such notice, to bring such action "to the next term thereafter at which he can obtain judgment and in good faith prosecute the suit with reasonable diligence . . . ." Appellee did not bring action against the principal until April 2, 1975, and on July 15, 1975, Miss McInerney filed bankruptcy and had her debt to Appellee discharged.

On October 15, 1975, this action was filed by the Appellee against the Appellant and no process was issued. On November 5, 1975, Appellant filed Answer and Counterclaim, the Answer alleging that the failure

of the Appellee to comply with the provisions of *Ky.Rev.Stat.* 412.110 discharged him from his obligation and the Counterclaim alleging a violation of the Truth in Lending Act. The lower court dismissed the Counterclaim, holding that the one-year limitation on actions thereunder barred any recovery thereon and granted to the Appellee a summary judgment on his complaint in the amount of $1,370.59, together with interest from the date of the judgment. It is from this judgment that the Appellant appeals.

█ The issues in this case are quite simple. The first issue is whether or not the execution of the note by the Appellant constituted a waiver of his rights granted to him under *Ky.Rev.Stat.* 412.110. The waiver in its entirety is as follows:

> All parties hereto, including makers, sureties, grantors and indorsers severally waive demand and presentment for payment, notice of protest and protest of this note and agree that their liability hereunder shall not be affected by an extension of time of payment of all or any part of the amount owing hereon at any time or times *and waive, as to this debt, any and all exemptions permitted by law to be waived.* (Emphasis ours).

The lower court and the Appellee rely on two Kentucky cases, viz., *Owensboro Savings Bank & Trust Co.'s Receiver v. Haynes*, 143 Ky. 534, 136 S.W. 1004 (1911) and the case of *People's State Bank v. Atwood*, 212 Ky. 462, 279 S.W. 670 (1926). The first of these cases involved the identical statute to *Ky.Rev.Stat.* 412.110, which at the time was numbered Ky.Stat. 4668. In this *Owensboro Savings Bank* case, notice had been given by the surety to commence action, just as in the present case. However, there was a vast difference in the language contained in the note itself. The body of the note sued on in that case provided as follows:

> The parties hereto, including the makers and endorsers of this note, hereby expressly waive presentment thereof for payment, notice of non-payment, protest and notice of protest, and *diligence in bringing suit against any party hereto, either maker or endorser.*

That case went on to say that where the waiver is inserted in the body of the note it becomes a part of the contract of the endorser and is binding upon him.

In the second case above referred to, *People's State Bank, supra,* the same principle was applied where the bank had extended the time of payment but in that case there was a specific waiver of "all defenses on the ground of any extension of time of payment." In the instant case, however, there was no specific language waiving "diligence in bringing suit" as was found in the note in the *Owensboro Savings Bank* case, *supra.* Thus we have the very narrow question of whether the last phrase contained in this waiver constituted a waiver of diligence in bringing suit. The phrase to which the court refers is " . . . and waive, as to the debt, any and all *exemptions* permitted by law to be waived."

█ After a search of several standard dictionaries, legal dictionaries and other definitions found in numerous cases, the Court finds that the most common synonym for the word "exemption" is the word "immunity." We find no definition by which "exemption" could be tortured into meaning "diligence in bringing suit." Appellee attempts, in his brief, to give us a definition from *Words and Phrases,* when he states, "An exemption is defined as a personal privilege which means 'to release, discharge, waive, relieve from liability,' " citing *Words and Phrases,* Vol. 15A, Exemption pp. 345–346. Actually, Appellee has taken one case saying that an exemption is defined as a personal privilege when applied to jury duty or military service and another case which defines the word "exempt" and not the word "exemption." We have, indeed, pursued the meaning of the word "exemption" throughout the various fields of law and find no cases in which it follows this consolidated and misused definition of the Appellee. This Court is totally aware of the fact that these notes are commonly used in conjunction with security agreements and that the word "exemption" is most

often applied to exemptions provided by the Bankruptcy Act, so that the maker, endorser, surety or co-obligor under these notes agrees to waive that part of the security agreement and note not covered under the exemption provided by that Act. The note used herein was prepared by the Appellee and it must therefore be bound strictly by the language thereof. We cannot even discover any instance in which the word "exemption" was used synonymously with "defenses" and we feel that the lower court erred in its finding that the signature of the Appellant to this note constituted a waiver of his rights pursuant to *Ky.Rev. Stat.* 412.110.

■ The second ground for reversal urged by the Appellant was that the trial court erred in applying the one-year Statute of Limitations provided for in the Truth in Lending Act to his Counterclaim, and we feel that the court did not err in this respect. The action brought by the Appellee was filed in the Jefferson Circuit Court on October 15, 1975. The case of *Armstrong v. Logsdon*, Ky., 469 S.W.2d 342 (1971) stands for the proposition that when one party commences his action prior to the expiration of the Statute of Limitations, a Counterclaim does not become barred afterward during the pendency of that action. We do not think that this case applies in the instant case, as Rule 3 of the *Kentucky Rules of Civil Procedure* provides that an action does not commence until a complaint is filed *and* a summons is issued. In the instant case, summons was not issued and the action did not technically commence until the Appellant herein entered his appearance after the running of the Statute of Limitations. Accordingly, it is our opinion that the Appellant was barred from his Counterclaim when he filed this Counterclaim on November 5, 1975, being more than one year after the alleged violation of the Truth in Lending Act and we find that the judgment of the lower court was proper in this respect.

Had the Appellee been required to bring his action prior to October 21, 1975, the filing of his complaint without issuing process would not have so complied and he would have been barred by the Statute of Limitations. Appellant can hardly claim, under these circumstances, that when no process was issued this would extend his time of filing.

Accordingly, it is the opinion of this Court that the trial court erred in sustaining the motion for summary judgment on behalf of the Appellee and we find that there was, in fact, no waiver by the Appellant of his rights under *Ky.Rev.Stat.* 412.-110 by his signature to the note in question. We further find that the lower court properly dismissed the Counterclaim of the Appellant. The judgment herein is reversed in part and affirmed in part and remanded to the lower court for the entry of judgment in accordance herewith.

ALL CONCUR.