**EMPIRE FINANCE COMPANY OF LOUISVILLE, INC., Appellant,**

v.

**Melvin EWING, Appellee.**

Court of Appeals of Kentucky.

Aug. 26, 1977.

Discretionary Review Denied Jan. 4, 1978.

James E. Stierle, Stierle & Stierle, Louisville, for appellant.

Lawrence S. Elswit, Legal Aid Society of Louisville, Inc., Louisville, for appellee.

John T. McGarvey, Morgan & Pottinger, Louisville, for amicus curiae.

Before VANCE, WILHOIT and WINTERSHEIMER, JJ.

WILHOIT, Judge.

The principal questions raised on this appeal involve the proper interpretation of certain provisions of the Federal Truth in Lending Act [TILA], 15 U.S.C.A. § 1601 *et seq.* (1974).

On September 24, 1974, appellee, Melvin Ewing, signed an installment note for $521.00 payable to appellant, Empire Finance Company, over a period of 24 months bearing interest at the rate of 33.21 percent. On April 7, 1976, after default by appellee, this action was brought by the finance company seeking recovery of unpaid principal totalling $484.38, plus interest from November 26, 1975.

By Amended Answer, Ewing asserted that the disclosure statement furnished to him by the finance company violated in a number of respects the provisions of the TILA and the Regulations adopted pursuant thereto (12 C.F.R. § 226 *et seq.*). Because of such violation, Ewing alleged that under the provisions of the TILA he was entitled to a "set-off" of $398.00 against the debt. He counterclaimed for the $398.00, plus attorneys fees and costs of the action.

The TILA provides that when a lender fails to disclose to a borrower any information required under the act to be disclosed in consumer loans, the lender is liable to the borrower for a penalty equal to twice the finance charge in connection with the transaction, but not less than $100.00 nor more

than $1,000.00. 15 U.S.C.A. § 1640(a)(1) (1974) (amended 1976). Also, in a successful action to enforce this liability, the borrower is entitled to recover the costs of the action together with a reasonable attorney's fee. 15 U.S.C.A. § 1640(a)(2) (1974) (amended 1976).

The trial court found that the finance company had violated the TILA by failing to indicate on its disclosure statement that the after-acquired property clause in the installment note was limited to property acquired within 10 days after the date the loan was made. The court set off the $398.00 against the outstanding principal of the note and permitted the finance company to recover $86.38 plus interest thereon at the rate of 6 percent from November 26, 1975. Ewing was denied recovery of his attorney's fee and was assessed 75 percent of the costs of the action.

The finance company appeals from this judgment of the trial court alleging three instances of reversible error.

### I.

Appellant argues that the court erred in finding that it had violated the TILA by failing to indicate on its disclosure statement that the security interest it retained in the appellee's household furniture attached only to furniture already owned or acquired by him within 10 days after the loan was made under KRS 355.9–204(4)(b). The applicable regulation, 12 C.F.R. § 226.-8(b)(5), requires disclosure and a description of any security interest retained or acquired by the creditor including a clear identification of the property to which the security interest attaches. This requirement applies to any security interest in after-acquired property of the debtor.

■ This precise question was considered by the Federal District Court for the Western District of Kentucky in *Stone v. Modern Loan Co., Inc.,* No. C75–0033L(B) (June 2, 1976), and by another federal court in *Johnson v. Associates Finance, Inc.,* 369 F.Supp. 1121 (S.D.Ill.1974). Both courts reached a conclusion contrary to that urged by appellant. They held that disclosure of the 10-day limitation is an important part of the description of the security interest and failure to make such disclosure violates the requirements of the TILA and the Regulations. The trial court here found no authority to justify a refusal to follow the reasoning used in these decisions and neither do we.

### II.

Appellant next contends that the $398.00 "set-off" permitted by the trial court is barred by the following subsections of 15 U.S.C.A. § 1640:

"(e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year* from the date of the occurrence of the violation. (Emphasis added).

. . . . .

"(h) A person may not take any action to offset any amount for which a creditor is potentially liable to such person under subsection (a)(2) of this section against any amount owing to such creditor by such person, unless the amount of the creditor's liability to such person has been determined by judgment of a court of competent jurisdiction in an action to which such person was a party."

According to appellant, these sections when read together establish a one-year statute of limitation, both for bringing an action to recover the penalty provided for under the TILA and for asserting the penalty as a set-off. It contends that the congressional intent behind these sections is to establish a uniform period throughout the United States for bringing actions to assert the penalty or for doing so by way of set-off, counterclaim, or recoupment.

Appellee counters that § 1640(e) is aimed only at barring after one year affirmative actions by a borrower, and that § 1640(h) is aimed at precluding a borrower from "self help" by unilaterally deducting from his debt the amount of the penalty he decides may be due him from the lender. To hold otherwise, appellee contends, would seriously hamper the purpose of the penalty provision since in most instances borrowers would not become aware of a violation of

disclosure provisions until some legal action was commenced by the lender to recover the money lent. Lenders could, therefore, avoid assertion of the penalty by a borrower by simply waiting more than one year to take action.

That the arguments of both appellant and appellee are persuasive is evident from the fact that cases from foreign jurisdictions can be found to support either. Unfortunately, we find no definitive guidance as to the intent of the Congress in enacting these provisions. In the absence of such guidance we believe it is proper to consider the disposition of this case in accordance with Kentucky practice and case law.

The only Kentucky case which appears to bear directly upon the TILA one-year limitation is our decision in *Coombs v. Beneficial Finance Co.*, Ky.App., 549 S.W.2d 327 (1977). This case seems to support appellant's position; however, as pointed out by appellee, it does not consider *Liter v. Hoagland*, 305 Ky. 329, 204 S.W.2d 219 (1947), and the line of cases following it. These cases hold, and appellant concedes, that under Kentucky practice limitations will not bar "mere defenses" arising out of the transaction connected with a plaintiff's claim.

In a brief filed by an amicus curiae it is maintained that the *Liter* line of cases is not applicable to this situation because the claim for a penalty is an " 'extrinsic byproduct' of this transaction . . . not dependent upon the lender's contractual obligations." This reasoning was adopted by the North Carolina Court of Appeals in *Ken-Lu Enterprises, Inc. v. Neal*, 29 N.C. App. 78, 223 S.E.2d 831 (1976). Our analysis is contrary. The duties and resultant civil liability of a lender arise out of the loan transaction itself. They are imposed by law upon the lender in the making of such a contract and, in effect, they become a part of the contract.

We conclude that while an affirmative action brought by the appellee to recover a penalty more than one year after violation of the disclosure requirements would be barred by the TILA itself, *Wach-*

*tel v. West*, 476 F.2d 1062 (6th Cir. 1973), there is no such provision clearly barring the assertion of such a violation and penalty as a defense in the nature of recoupment. Inasmuch as our practice permits the assertion of such defenses "so long as the courts will hear the plaintiff's case," *Liter, supra* at 220, the trial court was correct in permitting this defense.

We believe the trial court erred, however, in failing to award the appellant interest on the note at the rate specified therein from November 26, 1975, until date of judgment and thereafter at the statutory rate.

The judgment of the trial court is affirmed with instructions that the judgment be amended to award the appellant interest in accordance with this opinion.

All concur.