22861. CONCRETE CORING CONTRACTORS, INC. v. MECHANICAL CONTRACTORS & ENGINEERS, INC. et al.

Argued February 9, 1965—Decided March 15, 1965.

*E. T. Hendon, Jr.*, for plaintiff in error.

*Smith, Swift, Currie, McGhee & Hancock, Glover McGhee, Donald D. Smith, Luther P. House, Jr., Wendell C. Lindsey, Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, John H. Boone, J. William Gibson*, contra.

QUILLIAN, Justice. In its brief to this court the defendant Concrete, the plaintiff in error, makes no argument concerning the grant of the injunction and appears to have abandoned ground 3 of the demurrers since it only argues that no cause of action is set forth because the petition shows on its face that the plaintiff is guilty of laches (ground 1) and that the plaintiff has an adequate remedy at law (ground 2). However, National, one of the defendants in error, in its brief urges that ground 3 of the demurrers, that the Fulton Superior Court is without jurisdiction, should have been sustained. Thus, in this opinion we pass upon the three grounds of demurrer.

■ While a general demurrer asserting that no cause of action is set forth does not raise the question of whether the plaintiff is barred by laches, *Pittman v. Pittman*, 196 Ga. 397, 412 (6) (26 SE2d 764), *Hunnicutt v. Archer*, 163 Ga. 868 (1), 870 (137 SE 253), in the present case it appears that the plaintiff was not guilty of laches. The petition affirmatively shows that suit was brought well within the statute of limitation and within a few days after evidence of Concrete's insolvency was discovered. While we give full recognition to the maxim "that equity aids the vigilant, not the slothful," *Raines v. Clay*, 161 Ga. 574, 578 (131 SE 499), there is no showing of any lack of diligence on Mechanical's part nor that it, in the exercise of ordinary prudence, might have ascertained the facts at an earlier time. Furthermore, the record does not disclose such delay as would work hurt or inconvenience to any defendant nor act to obscure the truth or render its ascertainment more difficult. *Cooper v. Aycock*, 199 Ga. 658, 666 (34 SE2d 895); *Henderson v. Henderson*, 219 Ga. 310 (6) (133 SE2d 251).

■ We now consider the question as to whether the plaintiff has an adequate remedy at law. The rule is: "A remedy at

law, to exclude appropriate relief in equity, must be complete and the substantial equivalent of the equitable relief. It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." *Atlantic C. L. R. Co. v. Gunn,* 185 Ga. 108, 110 (3) (194 SE 365). Here the plaintiff alleged the defendant Concrete owed it in excess of $25,000 as damages for breaching the parties' contract and that Concrete was insolvent. In these circumstances it is apparent that, as alleged in the petition, Mechanical would be unable to satisfy any judgment it obtained against Concrete in the DeKalb court.

Insolvency of the defendant and inability to respond to such damages as the plaintiff might recover for breach of the contract is ground for equitable intervention. *Tanner v. Campbell,* 182 Ga. 121, 123 (184 SE 705). By bringing in the surety whose principal was insolvent the plaintiff would be able to obtain full relief. Clearly, the plaintiff's legal remedy would not be complete or as effective and efficient to the ends of justice as that which could be afforded by a court of equity. *Code* § 37-120. *Ford v. Finney,* 35 Ga. 258, 261.

■ The last ground of the defendant Concrete's demurrer is: "Defendant demurs generally to said petition upon the ground that said petition shows upon its face that the Superior Court of Fulton County is without jurisdiction in said matter, said petition showing that no party defendant against whom substantial relief is sought is a resident of Fulton County, Georgia." The petition alleges the defendant National, a resident of Fulton County, was surety on a performance bond given by Concrete to the plaintiff, a copy of which is attached to the petition. The suit is, according to the averments of the petition, brought to enforce the obligations of this bond and for the recovery of such sums as may be due the plaintiff under the terms of the same. Art. VI, Sec. XIV, Par. IV of the State Constitution (*Code Ann.* § 2-4904) provides: "Suits against joint obligors, joint promissors, copartners, or joint trespassers, residing in different counties, may be tried in either county." It is apparent that the Superior Court of Fulton County had jurisdiction of National, the resident defendant, and of the defendant Concrete.

It is provided by a statute of the State, *Code* § 37-901, and held by this court, *Latham v. Fowler,* 192 Ga. 686, 690 (1) (16 SE2d 591), that legal and equitable cases may be joined in the same suit. Had there been a demurrer that pointed out that the Superior Court of Fulton County only had jurisdiction of the resident defendant National for the purpose of granting legal relief against such defendant and showing the equitable features of the case should be eliminated, the question presented for consideration might have been different, *Cooper v. Oglethorpe Savings &c. Co.,* 147 Ga. 570 (94 SE 1006), but there was no such demurrer.

The petition was not subject to any of the grounds of demurrer.

*Judgment affirmed. All the Justices concur.*