## 50264. COMMERCIAL CREDIT EQUIPMENT CORPORATION v. SOUTHEASTERN UNI-LOADER, INC. et al.

EVANS, Judge.

Southeastern Uni-Loader, Inc. sold certain equipment to Roy Calvin Reeves, taking his note therefor. Southeastern then took Reeves' note to Commercial Credit Equipment Corp. for the purpose of discounting the note, and as a part of the transaction, Southeastern signed a written contract, among other things showing the transfer of note was with recourse and also contained the following language: "We agree . . . that CCEC may, without notice to us and without releasing our liability hereunder, grant extensions of time of payment of said contract . . ."

Reeves defaulted in payment, after several extensions of time had been granted to him by Commercial, and Commercial sued Southeastern for the indebtedness represented by the note and assignment.

Southeastern filed an answer and counterclaim. Thereafter Commercial filed a motion for summary judgment against Southeastern, which the trial judge denied. Commercial appeals. *Held:*

1. Appellant's brief states the case, which is not denied by appellee, to the effect that "Defendant authorized plaintiff to grant extensions of time of payment without notice to Defendant." Under our Rule 18 (Code Ann. § 24-3618 (b 1)) this then is an established fact, and both counsel for appellant and appellee in oral argument agreed that this was the situation. Southeastern's defense is that the granting of extensions of time to Reeves by Commercial was not in good faith, and Commercial did not act with proper care and diligence in such respect; and further that such extensions allowed Reeves to use the property over a period of time during which it depreciated in value; and that said property was collateral on the note and all of which conduct damaged Southeastern.

Southeastern contended its position as surety on the note to Commercial was thus impaired, and it relies on Code Ann. § 109A-3—606 (1 b).

2. The above statute provides in pertinent part: "1. The holder discharges any party to the instrument to the extent that *without such party's consent* the holder . . . (b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse." (Emphasis supplied.) The statute relied on by Southeastern contains the key words *"without such party's consent."* But here Commercial's actions in extending time *were not without Southeastern's consent;* they were acts committed with the express written consent of Southeastern when it signed the contract above noted.

3. Under these circumstances, defendant had no right to rely upon the statute above quoted, for that it had expressly in writing given its consent to extensions of time to Reeves, without notice to defendant. Its defense was therefore without merit, and summary judgment should have been granted to plaintiff.

4. The trial court erred in denying plaintiff's motion for summary judgment, and this case is reversed with direction that the judgment denying motion for summary judgment be withdrawn and that a judgment granting summary judgment to plaintiff be entered.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

Argued February 11, 1975 — Decided March 4, 1975.

*Jean William Pierce,* for appellant.
*W. Seaborn Ashley, Jr.,* for appellees.