50677. KERR et al. v. DEKALB COUNTY BANK.

DEEN, Presiding Judge.

The appellee bank filed suit against Kerr, Mott and Thurston on a promissory note signed by these three individuals in the lower right hand corner, dated December 29, 1972, and stating in the body: "Time 180 days, note due June 18, 1973." Demand for payment and notice of intention to recover attorney fees was sent to each of these persons by letters dated January 15, 1974. Summary judgment was eventually granted against Thurston, and this appeal involves only the subsequent grant of a summary judgment against Kerr and Mott. *Held:*

1. These appellants urge that they signed the

instruments only in the capacity of accommodation parties and received no benefit from the loan. All three signed the note as makers, and the amount of the loan in the form of a certified check shows all three as named payees therein. While Kerr and Mott contend they were no more than sureties, and while the bank readily admits that Thurston's credit rating was insufficient to support a loan in any amount, the affidavit of its president shows that "the loan was made by me to Thurston, Mott and Kerr as co-makers and joint principals and each of them signed the instrument in this capacity" and also that both Mott and Kerr "indicated that they had a percentage interest in this production" for which Thurston, their business associate, was specifically seeking the funds. "When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation." Code Ann. § 109A-3—415 (2). Here Mott and Kerr signed in the capacity of makers and the check was made out to them equally with Thurston. In *Smith v. Singleton,* 124 Ga. App. 393 (184 SE2d 26), where one party, although known to be lending his credit for accommodation purposes, signed as a maker, it was held under this section that his plea that he in fact signed as a guarantor was unavailing, in an action brought by the payee against the co-makers. "An accommodation maker . . . is bound on the instrument without any resort to his principal, while an accommodation indorser may be liable only after presentment, notice of dishonor and protest." Uniform Laws Anno., Uniform Commercial Code, Vol. 2, § 3—415, Official Comment. The knowledge of the payee that one is signing a promissory note as an accommodation maker would not relieve such signatory from liability thereon. Nat. Sur. Corp. v. Crystal Springs Fishing Village, Inc., 326 FSupp. 1171. Mott and Kerr were, along with Thurston, primarily liable on the instrument.

2. In opposing the motion for summary judgment, Mott and Kerr contended that the note was a 90-day note rather than a six-month note. This is a mere conclusory statement, in view of the instrument itself, admitted by these defendants to have been signed by them, which

shows that it is a 180-day instrument. This is related to the contention that the maker delayed unnecessarily in demanding payment after maturity of the instrument, as a result of which the defendant Thurston removed from the state various assets which might have been seized and subjected to the payment of the indebtedness.

The note was due June 18, 1973. Suit notice was received January 15, 1974. The note stipulated that the note was payable on maturity at its office. "A demand for payment is not necessary in order to charge the maker of a promissory note; and hence . . . is not a prerequisite to the institution and maintenance of a suit on the note against the maker." *Lunceford v. Nunnally,* 65 Ga. App. 234 (3) (15 SE2d 620).

The court did not err in entering up summary judgment against Kerr and Mott as co-makers of the note in question.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED APRIL 30, 1975 — DECIDED JUNE 17, 1975.

*Michael J. Reily,* for appellants.
*Hicks, Huddleston & Medori, Eugene A. Medori, Jr.,* for appellee.