### 53850. McBURNETT v. NATIONAL CITY BANK OF ROME.

QUILLIAN, Presiding Judge.

This appeal is from the grant of plaintiff's motion for summary judgment. The plaintiff sought to recover an amount owing under an installment note and security

agreement executed by defendant as a co-maker. The defendant counterclaimed and contended he was discharged because the plaintiff had obtained a lesser amount of life insurance than agreed upon by the parties; that upon a reduction of the principal amount of insurance the defendant was not notified. It is argued that the plaintiff thereby wrongfully impaired the collateral for the note under Code Ann. § 109A-3—606 (1) (b) (Ga. L. 1962, pp. 156, 278) which provides: "(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder . . . (b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse." *Held:*

The instrument in question contains two pertinent clauses: 1) "Insurance Statement: Credit Life Insurance and Credit Disability Insurance are not conditions of this loan." 2) "Each [borrower, maker, etc.] agrees that this note or any installment thereof may be renewed or extended, any party or security may be released or substituted or any may grant any other indulgence to any party without notice to any party and without affecting his liability, and the Holder may proceed against any party without first proceeding against the Borrower or any other party or against any Collateral."

There is serious doubt whether life insurance could be considered collateral in view of Clause 1 above. Nevertheless, even if it be treated as collateral, the Official Comment to the UCC reads: "Consent may be given in advance, and is commonly incorporated in the instrument . . . It requires no consideration, and operates as a waiver of the consenting party's right to claim his own discharge." 3 Anderson UCC 125, § 3-606:1. Official Code Comment No. 2. Here the agreement contained a provision authorizing the release of collateral by the plaintiff without the defendant's consent or notice to him and without affecting his liability.

Our decisions in *Reeves v. Hunnicutt,* 119 Ga. App. 806, 807 (168 SE2d 663); *Twisdale v. Ga. Railroad Bank &c. Co.,* 129 Ga. App. 18, 20 (198 SE2d 396); *Commercial Credit Equip. Corp. v. Southeastern Uni-Loader, Inc.,* 134 Ga. App. 156, 157 (2) (213 SE2d 536) are controlling. They

hold, in such circumstances, a party has consented and thereby waived the right to claim a discharge under Ga. UCC § 109A-3—606.

Therefore, since there was no genuine issue of material fact, the trial judge properly granted summary judgment for the plaintiff.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED MAY 9, 1977 — DECIDED JUNE 8, 1977.

*C. Ronald Patton,* for appellant.

*Wright, Walther & Morgan, Clinton J. Morgan,* for appellee.