## 54646. ADCOCK et al. v. FIRST NATIONAL BANK OF ATLANTA.

BELL, Chief Judge.

This is a suit to recover the amount due on a promissory note, plus interest and attorney fees. The note

was executed by Lester G. Maddox and defendants Adcock and Morris. Maddox was not joined as a defendant. Defendants in their answer admitted execution of the note, that they have not paid it, but alleged that they executed it with an understanding that they were accommodation parties and that Maddox was the primary obligor; that the note was executed solely on the representation that Maddox would pay the note in full; that defendants were fraudulently induced to execute the note; and that the note charged a usurious rate of interest. Plaintiff's motion for a summary judgment was granted. *Held:*

1. The trial court denied defendants' motion for an order joining Maddox as a defendant on the grounds that he was an indispensable party, or in the alternative for an order dismissing the complaint. By the terms of the note, all three makers were jointly and severally liable and plaintiff could elect to proceed against one or more makers without joining the other or others. CPA § 19 (a) (Code Ann. § 81A-119 (a)) has no application where there is a right of election as to which defendants plaintiff will proceed against. *Ghitter v. Edge,* 118 Ga. App. 750 (165 SE2d 598); *Smith v. Foster,* 230 Ga. 207 (196 SE2d 431).

2. The defendants admitted executing the note; that it was due; and that it has not been paid after demand by plaintiff. Thus a prima facie case for recovery was made and defendants had the burden of establishing a defense to the action. *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767 (189 SE2d 108).

a. *The accommodation defense.* The contention that these defendants signed the note only as accommodation parties for Maddox would not be a defense for whatever their intention they would be primarily liable as they signed the note in the capacity of makers. *Kerr v. DeKalb County Bank,* 135 Ga. App. 154 (217 SE2d 434).

b. *Fraud.* The defense raised in the answer that defendants were fraudulently induced to sign the note was pierced by the testimony of plaintiff's vice president that no representations were made to defendant that they would be only held liable in the event Maddox failed to pay the note. No counter-showing by way of any evidence

or inference was made by the defendants.

c. *Usury.* The usury defense is also without merit as the interest rate on the face of the note, 8%, is not usurious under Code § 57-101.

The grant of summary judgment was correct.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED OCTOBER 3, 1977 — DECIDED DECEMBER 1, 1977 — REHEARING DENIED DECEMBER 19, 1977 — ▮▮▮▮▮

*Reinhardt, Whitley & Sims, Ralph F. Simpson,* for appellants.

*Owens & Hilyer, Seymour S. Owens,* for appellee.