## 55418. DeKALB COUNTY BANK v. HALDI.

BANKE, Judge.

The appellee brought this suit to recover the value of two certificates of deposit which he had pledged as security for a loan made to his mother by the appellant bank. He alleged that upon his mother's death two months after the loans were made, the bank wrongfully applied the certificates in payment of the notes. In its answer, the bank admitted using the certificates to pay the notes but contended that such action was authorized because the notes were in default. It also alleged, in the alternative, that the transaction was rescinded because the appellee had fraudulently arranged the loans as a pretense for obtaining credit life insurance on his terminally ill mother. The trial court denied the bank's motion for summary judgment, and this court granted interlocutory appeal.

There are two loans involved in this case, one for $10,000 and the other for $15,000. The appellee negotiated both on the strength of his guaranty and his

willingness to pledge certificates of deposit in the amount of the loans to serve as collateral. The record shows that after the loans were made, the appellee's mother immediately transferred the proceeds to him and that the proceeds were used to cover the cost of the certificates of deposit.

Both notes contained a request for credit life insurance by the appellee's mother, and premium charges for such insurance were added to the face amounts of the notes. However, no such insurance was ever obtained; instead, the bank credited the premiums back against the face amount of the notes following the mother's death. The appellee contends on appeal that the bank's failure to procure the insurance constituted a change in the terms of the contract which had the effect of discharging him as surety.

As authority for this argument, the appellee cites *Seaboard Loan Corp. v. McCall,* 61 Ga. App. 752 (7 SE2d 318) (1940). While *Seaboard* does in fact hold that a surety on a note is discharged where the lender breaches its agreement with the maker to provide credit life insurance and the maker subsequently dies, this case is no longer good authority. The holding in *Seaboard* was based on former Code § 14-106 which was repealed by the UCC, Code Ann. § 109A-10—103 (Ga. L. 1962, pp. 156, 427). Whereas, under Code § 14-106, the question of the surety's discharge on such a note was governed by common law, as codified in Code § 103-203, it is now governed by Code Ann. § 109A-3—601 (Ga. L. 1962, pp. 156, 276), which lists the various circumstances in which a party may be discharged "from liability on an instrument." One such circumstance is where a "fraudulent and material alteration" occurs. Although the appellee insists that such an alteration took place on his mother's note, we do not interpret the bank's failure to procure insurance as an alteration in the terms of the note but, at most, as a violation of its obligations under the note.

Another way in which a surety may be discharged is pursuant to Code Ann. § 109A-3—606 (1) (b), which provides as follows: "The holder discharges any party to the instrument to the extent that without such party's

consent the holder . . . (b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse."

While there may be no doubt that the bank's failure to procure the insurance amounted to an impairment of collateral, the appellee expressly consented to such impairment when he signed the guaranty agreement. "[I]n such circumstances, a party has consented and thereby waived the right to claim a discharge under Ga. UCC § 109A-3—606." *McBurnett v. Nat. City Bank,* 142 Ga. App. 505, 507 (236 SE2d 179) (1977). See *Reeves v. Hunnicutt,* 119 Ga. App. 806, 807 (168 SE2d 663) (1969).

The issue of whether the appellant's failure to obtain the credit insurance subjected it to liability to the maker's estate is not now before us and is not affected by our present ruling.

On motion for summary judgment the appellant showed that the note was in default and that the appellee's certificates of deposit were applied to the loan under the terms of the guaranty agreement. Since there is no basis for the appellee's contention that the appellant's failure to obtain insurance discharged him as a surety on the instrument, we hold that it was error to deny the appellant's motion.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED MARCH 1, 1978 — DECIDED MAY 3, 1978 — REHEARING DENIED JUNE 16, 1978 —

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, Jerald D. Stubbs,* for appellant.
*Glenville Haldi,* for appellee.