## 56945. LIPSON v. HAWTHORNE INDUSTRIES, INC. et al.

McMURRAY, Judge.

Enfield Carpet Company was a Tennessee corporation transacting business in Whitfield County, Georgia. Nathan Lipson became a stockholder and a director of the corporation. On June 7, 1973, Nathan Lipson and others executed an agreement whereby for value received, and for the purpose of inducing Hawthorne Industries, Inc. to extend credit to "Enfield Carpet Co., Inc." they jointly and severally guaranteed "prompt payment at or before due date of any and all indebtedness or accounts which Enfield Carpet may from time to time become obligated or bound to pay to Hawthorne Industries, Inc. by reason of carpeting or goods purchased from Hawthorne Industries, Inc. by the undersigned." Certain rights of the undersigned were then waived and the agreement also contained the language, "this is a guaranty of payment and not of collection, and that our liability hereunder is direct and

unconditional and may be enforced by Hawthorne without first resorting to any other right, remedy or security."

Hawthorne Industries, Inc. proceeded to sue Enfield Carpet Company, Nathan J. Lipson and others based upon their personal guaranty for the balance due and owing plaintiff by Enfield Carpet Company in the amount of $86,721.91 in accordance with a bill of particulars attached (shown as Rogers Dye-Finishing, its trade name). The defendants answered, generally denying the claim of indebtedness. Lipson also denied that he was a resident of Whitfield County and subject to the jurisdiction of Whitfield Superior Court, contending any venue of the complaint against him should be in Fulton County, Georgia.

After discovery plaintiff moved for judgment on the pleadings against defendant Enfield Carpet Company and the same was granted in the amount of $86,721.91. Certain property of this defendant was levied upon and sold to Hawthorne Industries, Inc. for $35,000. Thereafter, after consideration of certain costs, the balance of the judgment due was shown by the sheriff to be $55,576.24, and the plaintiff amended its complaint seeking this amount against the remaining defendants.

The motion to dismiss for improper venue of defendant Lipson was then heard and denied.

The case proceeded to trial. At the completion of plaintiff's case a mistrial was granted as to three of the defendants (all except defendant Lipson). At the completion of all the evidence the trial court directed a verdict in favor of the plaintiff against defendant Lipson in the amount of $57,726.73 (including interest, of which there is no dispute). Thereupon, the judgment followed the verdict and the trial court granted the plaintiff's motion to certify the judgment as final as to defendant Lipson. Thereafter, plaintiff dismissed its case, without prejudice, as to all other defendants. Defendant filed a motion for judgment notwithstanding the verdict (j.n.o.v.) and in the alternative a motion for new trial. This motion came on for a hearing separately and both motions (j.n.o.v. and new trial) were denied. Defendant appeals. *Held:*

1. A suit against a principal and surety (being joint obligors) who are residents of different counties may be brought in the county of either. *Heard v. Tappan & Merritt,* 116 Ga. 930 (1) (43 SE 375); *Concrete Coring Contractors v. Mechanical Contractors &c. Inc.,* 220 Ga. 714 (3), 719 (141 SE2d 439).

2. There is no magic in mere nomenclature, and the inquiry of the court is always directed to substance and not form. Therefore, notwithstanding the reference here in the agreement to such terms as "guaranty," "guarantee" of prompt payment and "guaranty of payment" the intention of the parties is to be considered even though this was a separate instrument reciting "for value received." One must examine the instrument in its entirety to determine whether it is one of guaranty or suretyship. See *Fields v. Willis,* 123 Ga. 272, 275-276 (51 SE 280); *Moate v. H. L. Green Co.,* 95 Ga. App. 493, 504 (98 SE2d 185); *Fagelson v. Pfister Aluminum Corp.,* 109 Ga. App. 663 (1), 665 (137 SE2d 313); *Wolkin v. National Acceptence Co.,* 222 Ga. 487, 489 (150 SE2d 831). The instrument in question also recites it was executed "for the purpose of inducing Hawthorne Industries, Inc., a Georgia Corporation, to extend credit to Enfield Carpet Co., Inc." Undisputed evidence here discloses that the defendant Lipson entered into the agreement guaranteeing payment of certain indebtedness of Enfield to become due and owing to Hawthorne Industries by virtue of the purchase of "carpeting or goods." The instrument also stated it was a guaranty of payment and not of collection and that liability thereunder "was direct and unconditional and may be enforced by Hawthorne without first resorting to any other right, remedy or security." The trial court did not err in determining that the executed contract was a surety agreement and that the defendant was subject to the venue and jurisdiction of the Superior Court of Whitfield County. Hawthorne Industries extended credit for "carpeting or goods" to Enfield, and as a result Enfield Carpet Company owed certain amounts to Rogers Dye-Finishing, a trade name of Hawthorne Industries, Inc. There is no doubt that "Enfield" refers to "Enfield Carpet Co., Inc."

The evidence also disclosed that Enfield Carpet

Company became a judgment debtor of the plaintiff in the sum of $86,721.91, which judgment was partially satisfied with a balance due on the judgment of $55,576.24. Whereupon, the trial court directed a verdict in favor of the plaintiff against Lipson in the sum of $57,762.73 (including interest). The evidence demanded a finding in favor of the plaintiff.

3. The evidence discloses that certain materials were presented to plaintiff for production into carpeting through a manufacturing process. The initial raw material which Enfield presented to Hawthorne was "greig goods" (not usable as carpeting in that form) for finishing to become carpeting. To these Hawthorne applied and sold dye stuffs and backings (jute, latex, rubber and dyes) resulting in a finished product which was forwarded to Enfield as finished carpeting. This evidence establishes that goods and not services resulted from the finished product (completion of the manufacturing process). See Code Ann. § 109A-2—105(1) (Ga. L. 1962, pp. 156, 173); *Cason v. Thomas Cheely & Co.,* 6 Ga. 554. Compare *Craig-Tourial Leather Co. v. Reynolds,* 87 Ga. App. 360 (73 SE2d 749) as to a sale of goods at retail.

4. Examination of each and every enumeration of error based upon the divisions of this opinion discloses all enumerated errors to be without merit.

*Judgment affirmed. Quillian, P. J., concurs. Webb, J., concurs in the judgment only.*

ARGUED NOVEMBER 7, 1978 — DECIDED JANUARY 5, 1979 — REHEARING DENIED JANUARY 25, 1979 —

*Webb, Young, Daniel & Murphy, Paul Webb, Jr., Joel Y. Moss, David E. Betts,* for appellant.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Warren N. Coppedge, Jr., Raymond Bates, Jr., Jerrell Rosenbluth,* for appellees.