## 61974, 61975. BOBBITT v. FIRESTONE TIRE & RUBBER COMPANY (two cases).

QUILLIAN, Chief Judge.

Summary judgments were granted plaintiff-appellee Firestone against each of the defendant-appellant Bobbits on Firestone's suit against them on their separate contracts to guarantee the obligations of Macon Rubber Company to Firestone. Appellants' counterclaims against Firestone were also dismissed. *Held:*

1. Under their contracts with Firestone were appellants

guarantors or sureties?

The contracts related that in consideration of Firestone selling and delivering its products to Macon Rubber Company on credit the appellants individually guaranteed payment of any indebtedness to Firestone of Macon Rubber Company. The contracts referred to appellants as guarantors.

Appellants claim they were sureties and appellee agrees that they were. We also agree.

"The mere use of the word 'guarantee' will not make a contract one of guaranty." *W. T. Rawleigh Co. v. Overstreet,* 71 Ga. App. 873 (1), 881 (32 SE2d 574).

"The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." Code Ann. § 103-101.

The concessions of the parties that appellants were sureties are consistent with the contracts which show that the consideration flows to Macon Rubber Company and not to appellants. Appellants also swore in affidavits that no consideration passed to them.

" '[W]here ... there is undisputed evidence that no new, separate and independent consideration of any kind flowed to the party who signed a contract agreeing to be liable for the debt of another, the contract is one of suretyship and not guaranty ...' [Cit.]" *Griswold v. Wells Aluminum,* 156 Ga. App. 19 (1) (274 SE2d 7).

2. Appellants claim that the trial court erred in granting summary judgments because available to them as sureties were their pleaded defenses of discharge of debt under Code Ann. § 103-203 due to the increased risk to them created by appellee in supplying defective and unmarketable merchandise to Macon Rubber Company, as well as failure of consideration.

These claims are invalidated by the terms of the contracts, which state: "No settlement or compromise between the Company and the Principal, nor any claim, counterclaim or offset claimed by the Principal against the Company, shall reduce the guarantor's liability to the Company or affect the guaranty in any manner whatsoever."

Appellants having consented in advance by the foregoing contractual language that no claim by the Macon Rubber Company against appellee would reduce their liability to appellee, appellants waived any defense of discharge of debt because of increased risk or failure of consideration.

"A surety or guarantor may consent in advance to a course of

conduct which would otherwise result in his discharge. [Cits.]" *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893 (4), 896 (216 SE2d 651). See also *DeKalb County Bank v. Haldi,* 146 Ga. App. 257, 259 (246 SE2d 116); *Colodny v. Dominion Mtg. &c. Trust,* 141 Ga. App. 139 (2) (232 SE2d 601); *Hemphill v. Simmons,* 120 Ga. App. 823 (2) (172 SE2d 178); *Overcash v. First Nat. Bank,* 115 Ga. App. 499, 502 (155 SE2d 32).

The trial court did not err in granting appellee summary judgment against each appellant.

3. Appellants' second enumerations alleging error because of the dismissal of their counterclaims are deemed abandoned under Court of Appeals Rule 15 (c) (2).

4. The remaining enumerations have no merit.

*Judgments affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 19, 1981 —

▮▮▮▮▮▮▮▮▮▮

*Bruce M. Hofstadter,* for appellants.
*R. Napier Murphy,* for appellee.