## 62343. NATIONAL BANK OF GEORGIA v. MOORE et al.

McMURRAY, Presiding Judge.

On a date prior to July 25, 1978, George A. Chaby, an associate of Paul Moore & Associates, approached The National Bank of Georgia to obtain a loan in the amount of $29,500 in order to finance the purchase of a residence in Marietta, Georgia. The bank considered Chaby a bad credit risk and refused to make the requested loan to

Chaby unless Paul K. Moore co-signed any promissory note executed by Chaby. On July 25, 1978, the bank made a loan of $29,500 to Chaby, the loan instrument being co-signed by Paul K. Moore; but all the proceeds of the loan in question were delivered to Chaby for his use, Moore receiving no portion of same. A deed to secure debt covering property owned by Chaby and located at a certain address at Statesboro, Georgia was also executed pledging or delivering to the holder (the bank) the property as security for the loan.

The note in question had as one of its terms and conditions that "no party to this instrument shall be discharged from his obligations or undertakings . . . should the Holder release or agree not to sue any person against whom the party has, to the knowledge of the Holder, a right of recourse or . . . agree to suspend the right to enforce this note, or Holder's interest in the collateral against such person or otherwise discharge such person . . . should the Holder extend in whole or in part the time for payment of this note, or. exchange, substitute, compromise or surrender entirely any collateral now or hereafter held. No covenant or condition of this note can be waived except upon the written consent of Holder. No duty or failure on the part of the Holder in the exercise of any right or remedy shall operate as a waiver thereof and no single or partial exercise by the Holder of any rights or remedy shall preclude other or further exercise thereof or the exercise of any other right or remedy." This particular paragraph of the terms and conditions also stated that forbearance or indulgence by the bank in any regard whatsoever "shall not constitute a waiver of the covenant or condition to be performed by the undersigned to which the same may apply, and, until complete performance by the undersigned of said covenant or condition, Holder shall be entitled to invoke any remedy available to Holder under this note or by law or in equity despite said forbearance or indulgence." The note in question was thereafter renewed on October 23, 1978, and again on January 22, 1979.

On about June 25, 1979, the said note was declared due and in default pursuant to a demand letter written to Chaby with a copy of same to Paul Moore. Following receipt of this demand letter Moore's legal counsel forwarded a letter to the bank dated July 13, 1979, pursuant to Code § 103-205 demanding that the bank proceed to collect the balance due on the note from Chaby, the principal, fully complying with the Code section with reference to the proper notice and advising that if the bank failed to commence an action against Chaby to collect the balance due "within three months from the receipt of this letter, Paul K. Moore will consider any obligation he might have to you to be discharged." There followed considerable correspondence and telephone calls by and between the bank's legal

counsel and Moore's legal counsel as to how to proceed against Chaby to collect the indebtedness. One alternative was to proceed against the collateral (the house in Statesboro) and dispose of it in order to pay the indebtedness, the bank trying to cooperate with Moore who was an excellent customer. Thereafter, foreclosure proceedings against the real property were begun, and at the same time Chaby was making an effort to sell the property and requested the bank to allow the house to be sold for $46,000 with the bank settling its claim in full for the equity (a first lien being due another lender in the amount of approximately $24,000). On October 4, 1979, Chaby so advised counsel for the bank that his real estate agent had a cash deal offer of $46,000, approximately $24,000 being due the holder of the first mortgage and $1,800 as real estate agent's sales commission and desired that the bank settle for the balance of equity. The bank, by and through its counsel, refused to accept the balance of the equity (approximately $18,500), advising Chaby that the property was presently being advertised for a foreclosure sale on the first Tuesday in November 1979, and unless the property was sold by Chaby prior to that date on terms acceptable to the bank the property would be foreclosed, the equity in the Statesboro property would not be accepted in full satisfaction of the indebtedness and in the event a payment schedule was not worked out regarding the balance owing, a law suit would be filed against Chaby in the amount of his indebtedness.

Chaby sold the property on or about October 17, 1979, to another and paid the balance of the sale ($18,552.38) to the bank which was applied to his indebtedness. In the meantime, by telephone conversations between counsel for Moore and counsel for the bank, the above information with reference to the sale by Chaby was being communicated, counsel for the bank advising Moore's counsel that if Moore did not want the Statesboro property sold he should pay off the indebtedness.

The bank's counsel contends that after receipt of the proceeds of the sale the balance due and owing by Chaby was "$13,264.39 principal, $810.72 interest through May 23, 1980, accruing at the rate of $3.80 per day from and including May 24, 1980, and 15% of the principal and interest as attorneys' fees." From that time until January 1980 there were numerous telephone calls between counsel for Moore and counsel for the bank with reference to the balance due from Chaby. However, no agreement was reached, and suit was filed in DeKalb County in February of 1980 jointly against Moore, a resident of DeKalb County, and Chaby of Cobb County, to be served by second original, seeking the balance owing on the indebtedness.

Defendant Chaby answered, in general denying the claim. Defendant Moore answered, in general, also denying the claim with defenses of failure of consideration, mutual mistake of fact and law with respect to the transaction, his discharge from any obligation because of plaintiff's refusal to bring suit against Chaby after proper notice, a failure to mitigate damages as far as practicable by the use of ordinary care and diligence, the increase of the risk of liability to this defendant, and accord and satisfaction between the parties, admitting only that Exhibit "A" to plaintiff's complaint is "a promissory note executed by George A. Chaby" (which was the renewal of the original indebtedness). This defendant counterclaimed based upon the renewals attached, contending the note resulted from a mutual misunderstanding and a mutual mistake of law and of fact, seeking reformation contending Moore was an accommodation party "whose obligation to the plaintiff would not arise until such time as the plaintiff was unable to collect its debt from the actual maker." A cross-claim was also filed against the defendant Chaby seeking to recover the full amount of such judgment if the plaintiff recovered judgment against this defendant.

An additional count was later added to the counterclaim by amendment contending plaintiff had violated the "Truth-in-Lending" provision of the Federal Consumer Credit Protection Act (15 USCA § 1601 et seq.) and "Regulation Z" adopted pursuant thereto as the plaintiff failed to adequately disclose the security interest acquired by plaintiff in connection with said extension of credit, seeking judgment against the plaintiff in the amount of $1,000 plus interest and reasonable attorney fees or rescission of the transaction.

Following substantial discovery the plaintiff moved for summary judgment based upon the pleadings, affidavits and depositions of the defendants. Thereafter, the defendant Moore filed a cross motion for summary judgment in general based upon the stipulations of facts much of which is shown above with reference to the transaction, the depositions of the two defendants and the affidavit of defendant Moore's counsel.

Defendant Chaby filed a motion to dismiss contending the plaintiff failed to bring a timely action under Code Ann. § 67-1503 (Ga. L. 1935, p. 381) to confirm the sale in order to enforce its deficiency; failed to bring suit timely as required by Code § 103-205 thereby barring any recovery; and that in the event the defendant Moore be released from the action for any reason whatsoever the trial court (DeKalb State Court) would no longer have jurisdiction nor venue of this defendant having been served by second original under Code § 81-215.

The motions for summary judgment came on for a hearing. The court granted defendant Moore's motion for summary judgment because of the plaintiff's failure to comply with Code § 103-205. It denied plaintiff's motion for summary judgment. Having granted defendant Moore's motion for summary judgment the trial court granted defendant Chaby's motion to dismiss for lack of jurisdiction over the person as the result of defendant Moore's removal from the action. Plaintiff appeals, enumerating as error the granting of defendant Moore's motion for summary judgment, the granting of defendant Chaby's motion to dismiss, and the denial of plaintiff's motion for summary judgment. *Held:*

1. The terms and conditions contained in the note executed by the defendants (maker and co-maker, or co-signer), whether defendant Moore be an endorser, surety or guarantor, amounts to a waiver or renouncement of what the law has established in his favor as set forth in Code § 103-205. See *J. R. Watkins Co. v. Fricks,* 210 Ga. 83 (1), 84-85 (78 SE2d 2); *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893, 896 (4) (216 SE2d 651); *Reeves v. Hunnicutt,* 119 Ga. App. 806 (168 SE 2d 663); *McBurnett v. Nat. City Bank,* 142 Ga. App. 505, 506 (236 SE2d 179); *Commercial Credit Equipment Corp. v. Southeastern Uni-Loader, Inc.,* 134 Ga. App. 156, 157 (2) (213 SE2d 536); *Greene v. Bank of Upson,* 231 Ga. 287 (201 SE2d 463). Compare *Central Bank &c. Co. v. Price,* 136 Ga. App. 302 (221 SE2d 71); *Vol T. Blacknall Co. v. Frazee,* 148 Ga. App. 327 (251 SE2d 122). The language of the instrument clearly allowed the bank "to suspend the right to enforce this note," and "extend the time for payment," and require any waiver of rights given the holder to be by "written consent." Consequently, the trial court erred in granting summary judgment to the defendant Moore who had waived the defense claimed under Code § 103-205 and in denying summary judgment in favor of the plaintiff where the amount of the remaining indebtedness was not contested as established by the plaintiff. *Armour Fertilizer Works v. Bond,* 139 Ga. 246 (77 SE 22); *Hearn v. C. & S. Nat. Bank,* 154 Ga. App. 686, 688-690 (269 SE2d 486).

2. Since our Constitution (Code Ann. § 2-4304, Art. VI, Sec. XIV, Par. IV, Constitution of 1976) authorizes suits against joint obligors or joint promissors who reside in different counties to be tried in either county the trial court erred in dismissing the defendant Chaby for lack of jurisdiction or venue here, inasmuch as we have reversed the judgment granting summary judgment to the defendant Moore. See in this connection *Lipson v. Hawthorne Industries, Inc.,* 148 Ga. App. 751, 753 (1) (252 SE2d 639), wherein suits against the principal and a surety (being a joint obligor) who are residents of different counties may be brought in the county of either. See also

*Heard v. Tappan & Merritt,* 116 Ga. 930 (1) (43 SE 375); *Concrete Coring Contractors v. Mechanical Contractors & Engineers,* 220 Ga. 714 (3), 719 (141 SE2d 439).

3. The instrument here having been taken for value received before it was due both the maker and co-maker, whether he be an accommodation party, are liable for the balance of the indebtedness due and remaining unpaid even though the co-maker defendant Moore executed the instrument for accommodation purposes only in lending his credit as bond for same. See *Kerr v. DeKalb County Bank,* 135 Ga. App. 154, 155 (1) (217 SE2d 434); *Smith v. Singleton,* 124 Ga. App. 394-395 (2) (184 SE2d 26).

As there is no dispute remaining as to the amount of the indebtedness due, the trial court erred in denying summary judgment as a matter of law in favor of the plaintiff against both defendants. See *Area v. Cagle,* 148 Ga. App. 769, 770 (3) (252 SE2d 655); *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767 (189 SE2d 108). This loan did not involve a consumer credit sale, and even if the transaction be corrected to show defendant Moore as a surety/guarantor rather than co-maker, co-signer, under Division 1 above he also is liable for the remaining indebtedness. The trial court is directed to enter judgment accordingly in favor of the plaintiff.

*Judgments reversed with direction. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 28, 1981.

*Donald J. Goodman, Robert S. Wayne,* for appellant.
*E. A. Simpson, Jr., Gary M. Cooper, Jerome C. Ware,* for appellees.