76339. BRICE v. NORTHWEST GEORGIA BANK.
(368 SE2d 816)

DEEN, Presiding Judge.

Appellant Brice contracted to sell a piece of land and a mobile home to Benjamin Franklin and his wife Brenda, the sale contingent upon the Franklins' ability to obtain a loan of approximately $12,000 from appellee Northwest Bank. The bank declined to make the loan on the basis of the Franklins' credit-worthiness alone; Brice thereupon agreed to sign the promissory note along with the Franklins, and did so. The record reveals that each of the three signed the face of the bank-provided note on a separate line beneath which was printed the word "Borrower." No signatures appear on the back. Brice also took a security deed on the land and the mobile home.

According to appellant, an official of appellee bank assured him before he signed the note that the mobile home would be fully insured during the thirty-four-month term of the loan. The insurance was allowed to lapse, however, and the mobile home was subsequently destroyed by fire. The Franklins discontinued payments on the note, and it went into default. The bank declared the balance immediately due and payable, according to the terms of the note, and filed a complaint against Brice seeking payment in full, plus attorney fees. Appellant answered, denying the indebtedness on the basis that he had signed as an accommodation party and therefore was not primarily liable on the note. He further alleged that the false representations of appellee's agent regarding the maintenance of insurance coverage constituted fraud. Brice also filed a counterclaim, alleging negligence on the bank's part in permitting the insurance to lapse, thereby impairing the collateral. Appellant then made written demand upon appellee, pursuant to OCGA § 10-7-24, that the latter take steps to collect

the debt from the Franklins. When, after three months, appellee had taken no such action, appellant declared himself discharged in accordance with the cited Code section.

Appellee moved for summary judgment. The trial court, in granting summary judgment, found "as a matter of fact and a matter of law" that Brice was a co-maker on the note and was therefore jointly and severally liable, but expressly reserved the counterclaim for jury trial. Brice appeals, enumerating as error the award of summary judgment as to his status vis-a-vis the note, and contending that the capacity in which he signed the promissory note was a genuine issue of material fact which required resolution by a jury. *Held*:

OCGA § 11-3-118 (e), cited in the trial court's order granting summary judgment, prescribes as follows: "Unless the instrument otherwise specifies, two or more persons who sign as maker, acceptor or drawer or indorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as 'I promise to pay.'" Appellant contends, however, that appellee had actual knowledge that he was signing as an accommodation party rather than as a "borrower" or maker. The Georgia Supreme Court has held that, absent fraud, accident, or mistake, parol evidence is generally inadmissible to alter the unconditional nature of a promissory note. *Dolanson Co. v. C & S Nat. Bank*, 242 Ga. 681 (251 SE2d 274) (1978). Moreover, Georgia courts have held that the payee's knowledge of the accommodation does not relieve the accommodation party of liability in the capacity in which he has signed the instrument. OCGA § 11-3-415 (2). *Kerr v. DeKalb County Bank*, 135 Ga. App. 154 (217 SE2d 434) (1975); *Adcock v. First Nat. Bank of Atlanta*, 144 Ga. App. 394, 395 (2) (a) (241 SE2d 289) (1977); *National Bank of Ga. v. Moore*, 159 Ga. App. 729, 734 (3) (285 SE2d 78) (1981). The law also clearly provides that an accommodation party is *not* liable to the party accommodated, OCGA § 11-3-415 (5).

Here, the intentions of the parties with regard to whether appellant was an accommodation party are simply irrelevant, since the plaintiff is the bank, which took the note for value. As to the bank, therefore, there is no question that, as a matter of law, whether or not appellant signed as an accommodation party, he is liable in the capacity in which he signed. It is undisputed that appellant signed the note as "borrower," leaving no question of material fact for jury resolution. Therefore, summary judgment was properly awarded. OCGA § 9-11-56 (c).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 19, 1988.

*John O. Wiggins*, for appellant.

*Clifton M. Patty, Jr.*, for appellee.