### A92A0942. BROWNE v. TRUST COMPANY BANK.
(422 SE2d 669)

SOGNIER, Chief Judge.

Trust Company Bank brought suit in the State Court of DeKalb County on a note against Cecil Pharr, as principal, and Robert Browne, as guarantor. Pharr did not file an answer and judgment was entered against him by default. The court heard the case against Browne without a jury and awarded judgment in favor of the bank. Browne appeals.

In his sole enumeration of error, appellant contends that the trial court should have dismissed the complaint against him for "lack of jurisdiction over the person" of appellant. He cites OCGA § 15-7-4 as authority for the proposition that the trial court could not obtain jurisdiction over him because he was a resident of Fulton County and was not a joint obligor with Pharr, a DeKalb County resident. OCGA § 15-7-4, however, sets forth the subject matter jurisdiction of state courts and is not applicable to appellant's claim of lack of personal

jurisdiction. See *Williams v. Fuller*, 244 Ga. 846, 849 (262 SE2d 135) (1979) for a discussion of the distinction between subject matter and personal jurisdiction. Having been served with process and having objected to personal jurisdiction solely on the basis that he was not a resident of the forum county, appellant presented only a question of venue. *Weddington v. Kumar*, 149 Ga. App. 857, 858 (256 SE2d 141) (1979).

Venue is established by the Georgia Constitution, which provides in pertinent part that "[s]uits against joint obligors . . . residing in different counties may be tried in either county." Ga. Const., Art. VI, Sec. II, Par. IV (1983). See OCGA § 9-10-31. Principals and guarantors, which under Georgia law are considered equivalent to principals and sureties, OCGA § 10-7-1, are "joint obligors" within the meaning of these venue provisions and accordingly may be sued in the county of residence of either defendant. E.g., *National Bank of Ga. v. Moore*, 159 Ga. App. 729-730, 733 (2) (285 SE2d 78) (1981); see *Concrete Coring Contractors v. Mechanical Contractors & Engineers*, 220 Ga. 714, 719 (3) (141 SE2d 439) (1965). The "test of whether a verdict may be obtained against a nonresident is whether the verdict against the resident is authorized." *Woods v. Universal C.I.T. Credit Corp.*, 110 Ga. App. 394, 397 (8) (138 SE2d 593) (1964). Since Pharr, appellant's principal, resided in the county in which this action was filed and failed to file an answer, default judgment against Pharr was authorized. Thus, venue against appellant was proper in the forum, see id., and the trial court did not err by declining to dismiss the action.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 17, 1992.

*J. Caleb Clarke III*, for appellant.
*Stokes, Lazarus & Carmichael, Richard J. Joseph*, for appellee.