## A93A2414. MEDLOCK v. PLEATMAN.
(441 SE2d 286)

ANDREWS, Judge.

Medlock appeals the trial court's grant of summary judgment to defendant Pleatman on Medlock's suit for a deficiency after foreclosure on certain real estate.

In June 1982, Medlock sold Pleatman an apartment complex. As part of the purchase price, Pleatman gave Medlock a third priority purchase money note dated June 18, 1982 in the amount of $436,694.69 and assumed two existing debts against the property, including the 1972 first priority note and security deed held by Decatur Federal Savings & Loan Association.[1] The 1982 third priority note contained the following language typed onto the face of the printed note form: "Notwithstanding any other provisions of the terms of this note and deed to secure debt, it is hereby agreed that the holder hereof *shall look solely to the property secured hereby as payment for the indebtedness evidenced and shall not bring suit against the maker hereof individually for funds in addition to the property secured hereby*." (Exculpatory clause; emphasis supplied.)

On January 25, 1984, Medlock and Pleatman entered into a modification agreement by which Medlock agreed to the lowering of the monthly payment amount and an extension of the repayment term to Decatur Federal on the 1972 first priority note. The modification agreement stated that "Medlock is willing to consent to the modifications to be made to the First Mortgage provided that Pleatman consents to the modification of certain provisions of the Purchase Money Note." Paragraph 2 of the 1984 modification provided that "Pleatman does hereby agree that notwithstanding the exculpatory language set out in the Purchase Money Note, Pleatman does hereby agree that upon an event of default occurring under . . . the Purchase Money Instruments, . . . Pleatman shall be *personally liable* to Medlock and suit may be brought against Pleatman *for a personal judgment in an amount not to exceed the difference between the principal balance outstanding on the First Mortgage as of the date of default by Pleatman less the principal balance that would have been outstanding on the First Mortgage, as if it had not been modified* as provided for hereinabove in Paragraph 1. . . ." (Emphasis supplied.)

On August 6, 1985, Pleatman and Medlock entered into a second loan modification. As a result, Pleatman closed a new replacement loan with Decatur Federal, holder of the original 1972 first mortgage. The proceeds of this loan were used to pay off the balance of the 1972 first mortgage, the second priority note, also held by Medlock, and to

---

[1] The second priority note is not at issue.

provide Medlock with a sum of cash. A final modification was entered into between Medlock and Pleatman, whereby accrued defaulted interest was added to the principal due and the rate was changed.

In 1990, Pleatman defaulted to Medlock and she foreclosed on her now second priority note and deed to secure debt. An order of confirmation and approval of the foreclosure sale was entered on March 3, 1992 and Medlock then filed the present deficiency action against Pleatman personally.

Medlock's contention, as reflected in the trial court's order, is that "the first mortgage was extinguished by a refinancing and the parties *assumed* the old debt was included in the refinance as part of their continuing series of negotiations, thus including also defendant's personal liability."

1. As held by the able trial court, there is no authority "by which it [could] insert the phrase 'or any extension or renewal' into the [1984] agreement's specific definition of the first mortgage as the 1972 Decatur Federal loan. Without authority, '[c]ourts are not at liberty to revise contracts while professing to construe them.' *Stuckey v. Kahn*, 140 Ga. App. 602, 606 (1) (231 SE2d 565) (1976)." *Petroziello v. United States Leasing Corp.*, 176 Ga. App. 858, 861 (338 SE2d 63) (1985).

There was no ambiguity here which required the court's construction of the writings. *Chem Tech Finishers v. Paul Mueller Co.*, 189 Ga. App. 433, 435 (3) (375 SE2d 881) (1988).

2. Medlock argues that her understanding and intention should be considered in the form of parol evidence to resolve the issue, precluding summary judgment.

"The Georgia Supreme Court has held that, absent fraud, accident, or mistake, parol evidence is generally inadmissible to alter the unconditional nature of a promissory note. [Cit.]" *Brice v. Northwest Ga. Bank*, 186 Ga. App. 871, 872 (368 SE2d 816) (1988).

Summary judgment was proper. *Attkisson v. Cavanagh*, 201 Ga. App. 633, 635 (411 SE2d 786) (1991).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 15, 1994.

William A. Broughman, W. Barrington King, Jr., for appellant.
Lamberth, Bonapfel, Cifelli, Willson & Stokes, J. Michael Lamberth, Sharon K. Kacmarcik, for appellee.