A99A0987. MAALOUF v. KNIGHT.
(515 SE2d 650)

ELDRIDGE, Judge.

The appellant appeals from the trial court's order vacating and setting aside the default judgment in favor of the appellant as to the liability of the appellee and dismissing the appellant's complaint without prejudice.

On July 23, 1997, the vehicle driven by the appellant, Charbel Maalouf, was involved in a collision with the vehicle driven by the appellee, Wanda Knight. On March 23, 1998, the appellant filed his complaint for damages and personal injuries he sustained in the collision. In the complaint, the appellant alleged that the appellee was a resident of 2801 Fairlane Drive, Doraville, Gwinnett County. On April 2, 1998, the deputy sheriff's entry of service for this address was returned non est and reflected that Fairlane Drive was in DeKalb County. The appellee was subsequently personally served on June 21, 1998, with a copy of the appellant's summons and complaint by a deputy with the Cobb County Sheriff's Department at an address in Cobb County.

The appellee failed to answer or appear within 45 days after service was perfected. A default judgment as to liability was entered against the appellee on August 13, 1998. On August 27, 1998, appellee made a general appearance by filing a pleading entitled "ENTRY OF APPEARANCE BY COUNSEL, NOTIFICATION THAT DEFENDANT WANDA KNIGHT PLACES DAMAGE IN ISSUE, AND DEMAND FOR JURY TRIAL BY A TWELVE PERSON JURY." Within such pleading, the appellee did not raise the defense of improper venue. On September 15, 1998, the appellee filed a pleading entitled "SPECIAL ENTRY OF APPEARANCE TO CONTEST JURISDICTION AND VENUE, MOTION TO SET ASIDE DEFAULT JUDGMENT, AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT."

After hearing oral argument from counsel, the trial judge found that the trial court did not have personal jurisdiction over the appel-

lee and that Gwinnett County was not the proper venue. The trial court entered an order on October 29, 1998, vacating and setting aside the default judgment and dismissing the appellant's complaint without prejudice. In his sole enumeration of error, the appellant alleges that the trial court erred in entering this order. However, since the appellee was personally served with process and objected to personal jurisdiction solely on the basis that she was not a resident of the forum county, the sole issue this Court must decide is one of venue, i.e., whether the trial court erred, based on improper venue, in entering the order vacating and setting aside the default judgment and dismissing the complaint. See *Browne v. Trust Co. Bank*, 205 Ga. App. 499, 500 (422 SE2d 669) (1992); *Aiken v. Bynum*, 128 Ga. App. 212, 213 (196 SE2d 180) (1973).

1. "Under OCGA § 9-11-12 (b) the defenses of insufficient service, lack of personal jurisdiction[,] and improper venue must be raised before or at the time of pleading. Failure to raise these defenses either in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of these defenses." (Citations and punctuation omitted.) *Whitley v. Hsu*, 260 Ga. 539 (397 SE2d 694) (1990). See also OCGA § 9-11-12 (h); *Burnett v. McCarter*, 211 Ga. App. 781, 782 (440 SE2d 488) (1994); *Echols v. Dyches*, 140 Ga. App. 191 (230 SE2d 315) (1976).

> One who, being properly served, wishes to rely on the defense of lack of venue, must bring it to the attention of the court at a proper time or the defense is waived. Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense.

(Citations and punctuation omitted.) *Goodman v. Vilston*, 197 Ga. App. 718, 720 (399 SE2d 241) (1990); accord *Cotton v. Ruck*, 157 Ga. App. 824 (278 SE2d 693) (1981); *Aiken v. Bynum*, supra. In this case, personal service had been perfected on the appellee, and the appellee could have appeared to challenge venue. She chose not to do so within the time prescribed by law and allowed a default judgment to be entered against her prior to making a general appearance. Thus, the defense in abatement of improper venue was waived.

2. The first time the appellee raised her untimely defense of improper venue was on September 15, 1998, after the default judgment as to appellee's liability was granted. The venue defense would also have been waived by her making a previous general appearance on August 27, 1998, in which she contested damages and demanded a jury trial, but failed to raise the defense of improper venue. See OCGA § 9-11-12 (b), (h); *Hill v. Kaminsky*, 160 Ga. App. 630 (287

SE2d 639) (1981). The defense in abatement of lack of venue must be made at the earliest opportunity to plead or it is waived. OCGA § 9-11-12 (b) (3), (h).

Therefore, the trial court erred in setting aside the default judgment against the appellee as to liability on the grounds of lack of personal jurisdiction and improper venue and in dismissing the appellant's complaint without prejudice.*

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 6, 1999.

*Rajan Bhandari*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan*, for appellee.

---

* If the appellee had not waived the defense of improper venue, the appropriate course of action for the trial court would have been to transfer this case to the county of proper venue. See Uniform Transfer Rules adopted pursuant to the authority of Art. VI, Sec. IX, Par. I of the 1983 Constitution of the State of Georgia, 251 Ga. 893 (1984); Uniform Superior Court Rule 19, effective July 1, 1985, 253 Ga. 829 (1985); Uniform State Court Rules, effective July 1, 1985, 253 Ga. 887 (1985).